41 F.3d 1506
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HERITAGE HILL FARM, Plaintiff,
Suzanne Farese; Joseph Rotunno, Plaintiffs-Appellants,
v.
FASIG-TIPTON COMPANY; Thoroughbred Equity Company, Inc.;
Adirondack Trust Company; Fasig Tipton Kentucky, Inc.;
Belle Place Farm; George Howard; Michael Lischin; John
Finney; Judge B. Wilson, II; Tom Owens; Karen Owens;
Circuit Court Judge Henry C. Cox, Defendants-Appellees.
 Nos. 93-6497, 93-6498.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1994.
 
 Before: KENNEDY, CONTIE and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Suzanne Farese and Joseph Rotunno, pro se Florida residents, move to supplement the record and appeal the judgment for defendants in this action alleging causes of action under RICO, civil diversity, and civil rights statutes. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and declaratory relief, Farese and Rotunno and two other named plaintiffs brought this action in district court in Florida against a number of defendants who are involved in financing, auctioning, and boarding thoroughbred horses, and a Kentucky state circuit court judge. The complaint alleged five counts of RICO violations, two counts of violations of the Uniform Commercial Code, three counts of fraud, breach of contract, inducement to breach contract, two counts of civil rights violations, and a count based on the doctrine of respondeat superior. The dispute arose out of a loan procured by Rotunno and his wife on behalf of Farese, for which two thoroughbred horses were pledged as collateral. The named defendants had been involved in the loan, the boarding of the horses, their repossession and sale in satisfaction of the debt, and Kentucky state court litigation involving the transaction. The case was transferred to the Eastern District of Kentucky, where judgment for defendants on all counts eventually was entered.
 
 
 3
 On appeal, Farese and Rotunno have moved to supplement the record, and filed a brief challenging the disposition of a number of the counts in the complaint as well as various procedural rulings of the district court. Appellee Karen Owens Lane has requested an award of sanctions under Fed.R.App.P. 38 in her brief. In their reply brief, Farese and Rotunno have added a number of issues not mentioned in their opening brief.
 
 
 4
 Upon review, we conclude that the motion to supplement the record lacks merit, as the evidence sought to be admitted is not relevant to any of the issues raised on appeal. Moreover, we conclude that the claims and issues raised by the plaintiffs properly were disposed of below. The summary judgment for defendants was proper, as there is no genuine issue of material fact, and they are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).
 
 
 5
 Farese and Rotunno allege error in the district court's substantive rulings on several counts of the complaint, arguing that the court mischaracterized their claims. Review of the complaint reveals this conclusory argument to be meritless. Specifically, defendants were entitled to judgment on Count 8 of the complaint, alleging fraud in the charging of unreasonable expenses against the proceeds from the sale of the horses, as plaintiffs failed to come forth with any specific evidence of unreasonable charges in response to defendants' accounting. Judgment for defendants on Count 14 was also proper, as it alleged vicarious liability of some of the defendants for other defendants' acts, and all of the other counts had been dismissed on various grounds. Dismissal of Counts 10 and 11 and summary judgment in favor of defendant Lane were proper as all of those claims were barred by the existence of a valid release of any such claims.
 
 
 6
 The challenges to the district court's rulings on procedural issues are similarly meritless. Finally, the court declines to consider those issues which were raised for the first time in appellants' reply brief. See Wright v. Holbrook, 794 F.2d 1152, 1156-57 (6th Cir.1986).
 
 
 7
 Accordingly, the motion to supplement the record is denied, and the district court's judgment is affirmed for the reasons stated in its various opinions and orders. Rule 9(b)(3), Rules of the Sixth Circuit. Appellee Lane's request for sanctions under Fed.R.App.P. 38 is granted. We award double costs to Lane. See Dallo v. INS, 765 F.2d 581, 589-90 (6th Cir.1985). Lane is invited to submit a bill of costs for the court's consideration.